**Richard SUSSMAN, Plaintiff–Appellant,**

v.

**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; Coney Island Hospital; Sandor A. Feldman, in his official capacity, Defendants–Appellees.**

**Docket No. 97–9491.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

Charles D. Cole, Jr., Newman Fitch Altheim Myers, P.C., New York, NY, for Appellant.

Michael D. Hess, Corporation Counsel of the City of New York (Edward F.X. Hall, Jane L. Gordon, of Counsel), New York, NY, for Appellee.

Present LEVAL, SOTOMAYOR, Circuit Judges, and KOELTL, District Judge.[1]

1. The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Martin, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Dr. Richard Sussman appeals from the judgment entered by the district court following a jury trial on claims under federal and New York State anti-discrimination law, principally the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, against the New York City Health and Hospitals Corporation, Coney Island Hospital and Sandor A. Friedman, in his official capacity as the chairman of the hospital's residency program. His primary claim on the merits was that the hospital discharged him from his second-year residency program because of his dyslexia, dysgraphia and dyscalcula and because he is a homosexual. On appeal, Sussman raises four arguments, each of which, he claims, is sufficient for this Court to reverse the jury's decision and order a new trial. We disagree.

■ Sussman first argues that the jury instruction included the complicated (yet correctly applied in this case) burden shifting test described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which this Court has held should be left out of jury instructions to avoid confusion. *Sharkey v. Lasmo*, 214 F.3d 371, 374 (2d Cir.2000) The short answer to plaintiff's claim is that the court did not charge in the manner we have counseled against. The charge explained clearly and concisely what the jury needed to find. Additionally, plaintiff did not object.

■ Second, the appellant argues that the district court erred in using the definite article "the" in front of the term "determinative factor." Plaintiff failed to make a timely objection at trial. Thus, absent plain error, plaintiff waived his right to appeal the jury instruction. Plaintiff is correct that the legal standard is that discrimination need only be "one factor ... motivating an adverse employment action." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir.2000). The district court, however, did tell the jury that the plaintiff had the burden to show that his disabilities, his homosexuality or both were "one factor," or "a" determinative factor in his dismissal. Taken as a whole, the instruction was clear. Notwithstanding the one instance of mistaken formulation, this was not plain error, especially in view of the weak nature of plaintiff's case and the substantial justification the defendant had for terminating his residency, given the serious episodes of carelessness and incompetence in his discharge of his duties.

■ Third, Sussman claims that the district court improperly admitted evidence related to his later and unfavorably evaluated performance at a hospital in Charleston, West Virginia. He argues the evidence was not relevant and hence should not have been admitted. While it did not bear on the question of the defendants' motives in dismissing Sussman, the evidence was relevant to the issue of damages. Sussman claimed that he was entitled to damages for the difference between what he would have earned had Coney Island Hospital not fired him and his actual and future earnings, a differential allegedly aggravated by his being fired from Coney Island Hospital. To prove what those earnings would have been, he hired an economist to testify on his behalf who based his predictions on Sussman's ability

**22**

to obtain a medical license in California. That Sussman received negative reviews and that the West Virginia hospital filed a report with California authorities were relevant to the damages issue. Furthermore, Sussman's poor performance in West Virginia was relevant to whether Sussman's career would prosper in the future and thus influenced the measure of damages.

■ Furthermore, the district court properly ruled that Sussman's attorney had "opened the door" to inquiry into Sussman's tenure in West Virginia, presumably by referring to the fact that Sussman had "successfully completed" his year of residency in West Virginia. When one party introduces favorable evidence, he may be estopped from denying his opponent the opportunity to rebut that evidence, even if it leads to the introduction of evidence that might not have been admissible but for the initial introduction of the favorable evidence. "Once a [party] has put certain activity in issue by offering innocent explanations for or denying wrongdoing, the [other party to the suit] is entitled to rebut by showing that the [first party] has lied." *United States v. Beverly,* 5 F.3d 633, 639 (2d Cir.1993). We review evidentiary decisions made by the district court with an abuse of discretion standard. *United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996) ("To find such an abuse we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion."). While the district court did give a broad understanding to the term "successfully completed," the record indicates this decision was not arbitrary or irrational. (Had he so requested, Sussman might have been entitled to a limiting instruction to the jury on the extent to which and for what purposes the evidence about his tenure in West Virginia could be used, *Huddleston v. United States,* 485 U.S. 681, 687,

108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), but he did not make any such request.)

■ Finally, Sussman further argues that the district court erred in not allowing him to introduce certain evidence about his disabilities. The record shows, however, that he was permitted to introduce a significant amount of evidence about his disabilities. The district court properly excluded Sussman's hearsay testimony as to what his doctors had told him. Under F.R.E. 403, a decision regarding the probative value of cumulative evidence is reviewed only for abuse of discretion. Nothing in the record suggests any abuse.

For these reasons, the district court's decision is hereby AFFIRMED.